UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARMEN E. QUINONES-MALONE, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> HAYT, HAYT & LANDAU, LLC, et al. : <br> : <br> Defendants. : | Civil Action No. 08-4310 (JAP) <br><br> **OPINION** |

PISANO, District Judge.

I.  Introduction

This matter is presently before the Court on Plaintiff's motion for attorney fees and upon the Report and Recommendation ("Report") of United States Magistrate Judge Tonianne Bongiovanni recommending Plaintiff's motion be denied.  Plaintiff filed objections to the Report and the Court has conducted a *de novo* review of the issues raised.[1]  *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).  The central issue raised by Plaintiff's objections is whether this Court's Order of September 24, 2009 dismissing this action (the "September 24 Order") "judicially sanctioned" the settlement agreement entered into by the parties such that Plaintiff could be considered a prevailing party under the relevant fee shifting statute.  For the reasons below, the Court rejects the finding of the Magistrate Judge that the parties' settlement agreement

---

[1]Review of a magistrate judge's report and recommendation is governed by Local Civil Rule 72.1.  The Rule provides that the Court "shall make a de novo determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R. 72.1(c) (2).

was not incorporated into the Court's dismissal order and refers the matter to the Magistrate Judge for further action.

II.  Analysis

Plaintiff brought this action alleging violations of both the Fair Debt Collection Practices Act (the "FDCPA"), 16 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act (the "FCRA"), 16 U.S.C. § 1681, *et seq.*  On September 24, 2009, the Court entered a Stipulation and Order dismissing the case with prejudice.  The "stipulation" that was part of the September 24th order stated that the parties had entered into a Release and Settlement Agreement ("Agreement") and, in accordance with the terms of that Agreement, the parties agreed to dismissal of the matter with prejudice.  This stipulation, however, was not executed by Plaintiff's counsel.

Although the stipulation was signed by defense counsel only, the Court entered the Order dismissing the case, filing along with the Stipulation and Order the following two documents: (1) a September 11, 2009 letter from Plaintiff's counsel stating that Plaintiff would not object to entry of an order dismissing the case "so long as the terms of the Order stated that the term of the Settlement Agreement were incorporated into the Order, and the Court retained jurisdiction to enforce the Settlement Agreement"; and (2) a copy of the executed Settlement Agreement that was attached to the letter.  (Docket Entry Nos. 17, 18).  Additionally, the September 24 dismissal order contained a handwritten notation stating that "A fee application will be filed by October 9, 2009."

Subsequently, Plaintiff filed a motion for attorney fees and costs.  Under the FDCPA, attorney's fees and costs are to awarded to a successful consumer in a debt collection action.  15 U.S.C. § 1692k.  To recover attorneys fees under the FDCPA, a plaintiff must be a "prevailing

party." 15 U.S.C. § 1692k(a)(3); *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216, 218 (D.N.J. 1999). A plaintiff is considered to be "prevailing" and if he or she has succeeded "on any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

As noted in the Report and Recommendation, "under certain circumstances settlement agreements, in addition to judgments on the merits, 'may serve as the basis for an award of attorney's fees.'" Report at 3 (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). However,

"the [Supreme] Court [has] distinguished between court-approved settlements and private settlements, stating that "private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal."

*Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 164 (3d Cir. 2002) (quoting *Buckhannon Bd. & Care Home*, 532 U.S. at 604 n. 7). As such, the Third Circuit has "required that private settlements be judicially sanctioned in order to confer prevailing party status for . . . fee-shifting purposes." *Nathan F. v. Parkland School Dist.*, 136 Fed. Appx. 511, 513 (3d Cir. 2005) (applying IDEA fee shifting statute) (citing *John T. ex rel. Paul T. v. Del. County Intermediate Unit*, 318 F.3d 545, 560 (3d Cir. 2003).

Consequently, the threshold issue with respect to Plaintiff's motion for attorney fees is

3

whether under the aforementioned cases the Court's September 24 Order could confer prevailing party status upon Plaintiff.  If that question is answered in the affirmative, the next step is to determine whether under the terms of the settlement the Plaintiff is a "prevailing party."  The Magistrate Judge never reached this second step, as she found that the September 24 Order not sufficient to "judicially sanction[]" the parties settlement and potentially confer prevailing party status upon Plaintiff.  *See Parkland School Dist.*, 126 Fed. Appx. At 513.  It is this finding that is the primary basis for Plaintiff's objections to the Report.

After carefully examining the docket of this case, the Court notes that the Clerk filed the Court's September 24 dismissal Order (Docket Entry No. 18) as a separate docket entry from Plaintiff's September 11th letter and the Agreement (both at Docket Entry No. 17).  Although appearing in different docket entries, the September 11 letter and the Agreement were, in fact, sent to the Clerk's Office as attachments to the September 24 Order to evidence Plaintiff's consent to entry of the Order and to incorporate the terms of the Agreement into the Order.  That these separately-docketed documents were received by the Clerk's Office as a single, hardcopy document is evidenced by the fact that only the Order bears the Clerk's dated "Received" stamp.  Had they been received by the Clerk as separate documents as the two individual docket entries imply, the letter would bear a "Received" stamp as well.

Considering the Order in its proper form with the appropriate attachments, it is clear that the terms of the Agreement were incorporated into the Court's dismissal Order.  Thus, the settlement meets the threshold requirement for the purposes of fee shifting.  Among the questions that remain to be resolved, however, is whether under the terms of the settlement the Plaintiff is a "prevailing party."  The Court shall refer the motion to the Magistrate Judge for further

disposition.

III.  Conclusion

      For the reasons above, the Court rejects the Report and Recommendation and refers the matter to the Magistrate Judge for further disposition.


                                      /s/ JOEL A. PISANO
                                      United States District Judge

Dated: October 27, 2010